# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeremy Bryson, | Case No. 2:20-cv-00089-JAD-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Zuniga, et al., | |
| Defendants. | |

Before the Court is pro se plaintiff Jeremy Bryson's motion for appointment of counsel. ECF No. 12. No opposition has been filed. For the reasons explained below, the Court will deny the motion.

**I.    Background**

Mr. Bryson brings a lawsuit under 42 U.S.C. § 1983 for a violation of the Eighth Amendment. Mr. Bryson alleges that Defendants Zuniga, Dzurenda, and Williams were deliberately indifferent to his safety after Defendant Zuniga placed him, an inmate in the Protective Segregation Unit, in a holding cell with General Population inmates who proceeded to attack him, causing injury to his head and eye. ECF No. 1-1.

Mr. Bryson requests a court-appointed attorney, arguing the issues of the case are very complex and will require significant research and investigation and that he has limited access to the law library and limited knowledge of the law. ECF No. 12. Additionally, he argues that having an attorney would allow him to obtain video evidence from another institution in Clark County that he has been unable to obtain and is needed to prove his legal basis in this case. *Id*. Finally, Mr. Bryson argues that a trial in this case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross examine witnesses. *Id*.

**II.    Discussion**

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are

empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require such a showing. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, though it is still early in the litigation to evaluate the likelihood of success on the merits, the Court finds that Mr. Bryson properly pled at least one claim which survived the screening process–the violation of the Eighth Amendment through deliberate indifference to his safety. ECF No. 7. Therefore, he has demonstrated some likelihood of success on the merits.

However, Mr. Bryson has also demonstrated his ability to articulate his claims pro se. His filings are both comprehensible and literate. Mr. Bryson argues that the issues of the case are very complex and will require significant research and investigation and that he has limited access to the law library and limited knowledge of the law. While there are multiple defendants named in the complaint, Mr. Bryson is only litigating one claim for a violation of the Eighth Amendment through deliberate indifference to his safety, which is not of "substantial complexity." *Terrell v. Brewer*, 935 F. 2d 1015, 1017 (9th Cir. 1991) (upholding a denial of appointment of counsel in a claim of a violation of the Eighth Amendment guarantee against cruel and unusual punishment). Moreover, as with most pro se, incarcerated litigants, access to the law library and limited knowledge of the law makes litigating claims difficult and assistance of counsel may ease such difficulties. However, this is not the test when evaluating if exceptional circumstances exist, and Mr. Bryson has not shown that because of these limitations he has been unable to articulate his

positions. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that in order to establish exceptional circumstances litigants must show that because of the complexity of their claims they are unable to articulate their positions).

Additionally, while Mr. Bryson argues that a trial in this case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross examine witnesses, these are not conditions that create a complex legal issue sufficient to be deemed an exceptional circumstance. Rather, these obstacles are merely "difficulties which any litigant would have in proceeding pro se." *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Furthermore, the Court does not find that any difficulty Mr. Bryson has experienced in attempting to litigate his case has "derived from the complexity of the issues involved." *Wilborn*, 789 F.2d at 1331. Mr. Bryson argues that his inability to obtain specific video evidence from another Clark County institution will prevent him from proving his case. ECF No. 12. While Mr. Bryson has had some difficulty in obtaining this evidence through a court ordered subpoena, this is not a matter which speaks to the complexity of the issues. Similarly to the plaintiff in *Wilborn*, the need for particular discovery–in this case video evidence–"does not necessarily qualify the issues involved as complex." *Id*. "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Id*. Therefore, Mr. Bryson's difficulty in obtaining this evidence does not create such a complex legal issue that it would rise to level of an extraordinary circumstance.

Accordingly, the Court does not find that Mr. Bryson's situation constitutes an extraordinary circumstance requiring counsel. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id*. In its discretion, the Court, therefore, finds that Mr. Bryson does not demonstrate

the exceptional circumstances required for the appointment of an attorney and will deny his motion without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (ECF No. 12) is DENIED.

DATED: August 1, 2021.

Brenda Weksler
United States Magistrate Judge